IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AUBREY JOVAN DEVELL TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 15-2791-JDT-cgc |
| ) | |
| STANLEY DICKERSON, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On November 25, 2015, Plaintiff Aubrey Jovan Devell Taylor, who is incarcerated at the Northeast Correctional Complex in Mountain City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* in the U.S. District Court for the Middle District of Tennessee. (ECF Nos. 1 & 2.) On December 8, 2015, U.S. District Judge Aleta A. Trauger issued an order assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), and transferring the case to this district. (ECF No. 4.) On August 16, 2016, this Court dismissed the complaint for failure to state a claim but granted leave to amend within thirty days. (ECF No. 9.) Plaintiff was warned that failure to file an amendment would result in the entry of judgment and assessment of a "strike" pursuant to 28 U.S.C. §1915(g). (*Id.* at 15.) However, Plaintiff has not filed an amended complaint, and the time within which to do so has expired. Therefore, judgment will be entered in accordance with the August 16, 2016, order of dismissal.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal would not be taken in good faith.

A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. §§ 1915(a)-(b). Therefore, Plaintiff is instructed that if files a notice of appeal and wishes to take advantage of the installment procedures for paying the $505 appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

       s/ **James D. Todd**
       JAMES D. TODD
       UNITED STATES DISTRICT JUDGE